Per Curiam.

Appellant argues that the provision of subdivision 7 of section 242-a of the Election Law mandating rotation of the order of names of candidates on the ballot in New York City primary elections extends only to elections for offices whose geographical jurisdiction is exclusively within the corporate limits of the City of New York. If this interpretation of the statute were adopted, the rotation requirement would not extend to primary elections for United States Senator, a State-wide office, and appellant would be entitled to the number one ballot position which fell to him by lot in the draw conducted by the Secretary of State under subdivision 2 of section 104 of the Election Law, in New York City as well as throughout the rest of the State.
The issue before the. court is solely one of the construction of subdivision 7. We agree with the courts below that the failure of the Legislature to include the explicit and critical adverb, “ wholly ” in subdivision 7 as it did in subdivisions 1 and 4 points to the conclusion that the scope of subdivision 7 is different from that of subdivision's 1 and 4. To hold otherwise would be to attribute no significance to the inclusion of the word “ wholly Additionally weight should be given to the interpretation placed on the statute by the agency charged with responsibility for its administration. (Matter of Howard v. Wyman, 28 N Y 2d 434.)
We hold therefore that the mandatory rotation provision of subdivision 7 extends to all primary elections held in New York City whether for city office or for State-wide office, including in this instance the primary election among the candidates for the office of United States Senator from the State of New York.
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Cabrielli, Jones, Wachtler, Rabin and Staley* concur in Per Curiam opinion.
Order affirmed, without costs.

 Designated pursuant to section 2 of article VI of the State Constitution.